Case 4:21-cv-01648   Document 10   Filed on 02/11/22 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
February 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HENRY KING, JR., | § § | |
| Petitioner, | § § | |
| vs. | § | CIVIL ACTION NO. 4:21-cv-1648 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

James Henry King, Jr., a Texas inmate serving a twenty-five-year sentence, has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody (Petition) (Docket Entry No. 1). Respondent Bobby Lumpkin has filed a Motion for Summary Judgment with Brief in Support (Docket Entry No. 8), arguing that King's claims are barred by the governing one-year statute of limitations. The respondent also argues that King's claims are without merit. King has not filed a response.

After considering the pleadings, the state court records, and the applicable law, the Court will grant the respondent's motion for summary judgment and will dismiss this case for the reasons explained below.

**BACKGROUND**

King is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ) as the result of a conviction that was entered against him in the 155th District Court in Austin County, Texas under cause number 93R-

047.¹ A grand jury indicted King for burglary of a habitation with intent to commit theft, a second-degree felony. King pleaded not guilty. A jury convicted him of burglary. On October 28, 1993, the trial court sentenced King to twenty-five years' imprisonment. King does not complain about the validity of his conviction. Instead, King challenges the calculation of his sentence following his return to prison following revocation of his supervised release.

King's sentence began on March 31, 1993. King's original maximum discharge date was twenty-five years later on March 30, 2018. King, however, was released from prison and then returned to TDCJ custody on two occasions. First, King was released from custody to mandatory supervision on October 4, 2004. A warrant for his arrest was issued on November 5, 2010, and his supervision was revoked on November 23, 2010.² With some of the time he spent on supervised release forfeited, King then faced a new maximum discharge date of January 23, 2023.

Second, King was again released to mandatory supervision on August 7, 2015. A warrant issued for his arrest on October 4, 2018, and his supervision was revoked on November 14, 2018.³ With time forfeited because of his arrest, King faced a new maximum discharge date of February 25, 2025.

---

¹ Austin County is within the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2). The Court takes the brief procedural background that follows above from the records submitted by the respondent. (Docket Entry No. 9).
² King had been on supervised release for six years, one month, and two days. While on supervised release, King was arrested, held, and released five times without his parole being revoked.
³ While on supervised release parole the second time, King was arrested, held, and released without his release being revoked six times. King had been on supervised release for three years, one month, and twenty-eight days.

2

The records do not indicate that King filed a direct appeal from his conviction and sentence. King has only sought state habeas relief once. On November 17, 2020, King signed a state habeas application which challenged the computation of his sentence.[4] The trial court issued findings of fact and conclusions of law recommending the denial of habeas relief. The Texas Court of Criminal Appeals denied King's application without a written order on the findings of the trial court and after its own review. *Ex parte King*, WR-92,489-01 (Tex. Crim. App. May 19, 2021).

King filed the instant federal habeas petition on May 13, 2021.[5] King's federal petition raises the following grounds for relief:

(1) TDCJ has unlawfully confined him beyond the maximum discharge date for his sentence.

(2) TDCJ unlawfully altered his sentence.

(3) The increase of his sentence beyond the original maximum discharge date violates the Due Process and the Double Jeopardy Clauses.

(4) The increase of his sentence violated the Ex Post Facto Clause, Due Process, and Double Jeopardy Clauses.

(Docket Entry No. 1 at 6-7).[6]

---

[4] The Austin County District Clerk file-stamped the application on November 23, 2020.

[5] A *pro se* prisoner's habeas petition is deemed filed, for purposes of determining the applicability of AEDPA, when he delivered the papers to prison authorities for mailing. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998).

[6] King asks as relief that he be "[i]mmediately released and paid compensation for pain and suffering, lost wages from job's [sic] and punitive damages." (Docket Entry No. 1 at 7). An inmate's request for monetary compensation is not actionable in a habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

The respondent has moved for summary judgment on two grounds. First, the respondent argues that King submitted his federal petition outside the filing period provided by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Second, the respondent argues that King has failed to show that the state court's denial of relief was unreasonable under AEDPA's deferential standards. King has not submitted any response to the pending summary-judgment motion and the time to do so has expired. Pursuant to Rule 7.4, Local Rules of the United States District Court for the Southern District of Texas, King's failure to respond may be taken as his having no opposition to the pending motion. For the reasons discussed below, however, the Court finds that the respondent is entitled to judgment as a matter of law. *See John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985) ("[S]ummary judgment cannot be supported solely on the ground that [the plaintiff] failed to respond to a defendants' motion for summary judgment.").

## ANALYSIS

**I.    Timeliness**

AEDPA established a one-year statute of limitations on all federal habeas corpus petitions filed after April 24, 1996. Because King challenges the calculation of his sentence following two separate parole revocation proceedings, the limitations period began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) when the factual predicate of the claims presented "could have been discovered through the exercise of due diligence." *See Goodwin v. Dretke*, 150 F. App'x 295, 298, 2005 WL 2404791 (5th Cir. 2005) (explaining that "[§ 2244(d)(1)(D)] governs the timeliness *vel non* of the filing of claims predicated on parole decisions"). As the chronology of this case reflects, the sentence that King received

4

in Austin County Cause number 93R-047 was recalculated each time his parole was revoked and he returned to TDCJ (on November 23, 2010, and November 14, 2018).

King knew, or should have known, that his sentence was recalculated each time he returned to prison. Each revocation triggered AEDPA's limitations period that expired one year later, on November 23, 2011, and November 14, 2019, respectively. Because King filed his federal petition on May 13, 2021, he must show that he is entitled to statutory or equitable tolling of the limitations period.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. King applied for relief through the TDCJ Time Credit Dispute Resolution (TCDR) system. AEDPA's limitations period is tolled during the pendency of a TCDR, but only for a maximum of 180 days. *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). King submitted a TCDR on January 7, 2019, and it was disposed of on March 14, 2019. To the extent King raises a time-credit claim, his filing tolls AEDPA's deadline for sixty-six days, extending the federal deadline to January 20, 2020, for his 2018 revocation. King did not file a federal habeas petition within the applicable time period.

On November 17, 2020, King filed a state habeas application. AEDPA generally tolls the "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Nevertheless, a state habeas application filed after the expiration of the federal limitations period does not serve as a basis for tolling. *See Scott v. Johnson*,

5

227 F.3d 260, 263 (5th Cir. 2000). Accordingly, King's state habeas application does not toll the AEDPA limitations period. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

Under certain conditions, equitable tolling may forgive an inmate's failure to file within AEDPA's limitations period. An inmate may receive equitable tolling when he demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). King fails to allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling.

King does not establish that any other statutory or equitable exception applies to toll the limitations period. King's federal petition is time-barred. The Court, however, alternatively finds that King's claims do not merit federal habeas relief.

## II. AEDPA Review

King raised his four habeas claims in a state habeas application that the state courts rejected on the merits. AEDPA pays deference to the state court's decision. King only merits federal habeas relief after showing that the state court decision was contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d)(1).

King's federal petition raises claims arguing that TDCJ could not confine him longer than the maximum discharge date as determined at the time of sentencing by the

trial judge (claim one) and that TDCJ lacked authority to alter his sentence (claim two). King also argues that his continued incarceration beyond the originally computed maximum discharge date violates the Due Process, Double Jeopardy, and Ex Post Facto Clauses (claims three and four). Taken together, King's four federal habeas claims argue that he should receive credit for the time he spent on mandatory supervision ("street time credit")[7] prior to both revocations.

King does not allege any error in mathematical computation of his sentence. Instead, King argues that TDCJ lacked authority to extend his sentence beyond the maximum discharge date as computed at the time of his sentencing. Despite King's arguments to the contrary, King has not cited any constitutional authority that questions TDCJ's ability to calculate how he will serve the sentence he received from the trial judge. Additionally, there has been no increase in his punishment. The trial court sentenced King to twenty-five years' incarceration. TDCJ has not extended the amount of time King must serve. Here, the essence of King's complaint is that TDCJ has not awarded street-time credit to him.

No constitutional provision guarantees King credit against his sentence for the time he was not in prison. *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *Hamill v. Wright*, 870 F.2d 1032, 1036-37 (5th Cir. 1989); *see also Starnes v. Connett*, 464 F.2d 524, 524 (5th Cir. 1972)

---

[7] "Street-time credit refers to calendar time a person receives towards his sentence for time spent on parole or mandatory supervision." *Ex parte Spann*, 132 S.W.3d 390, 392 n. 2 (Tex. Crim. App. 2004).

("[I]t is firmly established in this Circuit that time spent on parole does not operate to reduce the sentence of a parole violator returned to prison."). Specifically, no federal constitutional right creates any protected interest in an offender's time under mandatory supervision unless given to him by Texas state law. *See Rhodes v. Thaler*, 713 F.3d 264, 266 (5th Cir. 2013).

Texas statutory law entitles certain offenders who have had their parole or mandatory supervision revoked on or after September 1, 2001, to credit for the portion of time they spent on parole. *See Ex parte Spann*, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004); Tex. Gov't Code Section 508.283(c). "Basically, [Texas law] says that certain parole violators will receive street-time credit if the 'remaining portion' of their sentence is less than the amount of time they have spent out on parole." *Spann*, 132 S.W.3d at 392 (citing Tex. Gov't Code § 508.283). Here, the trial-level habeas court found that King "is not entitled to credit for time served while on [mandatory supervision] following" either his first or second revocation "because when Parole issued the warrant, King's remaining sentence was greater than his time spent on [mandatory supervision]." (Docket Entry No. 9, Ex. 3 at 44–45). Accordingly, the trial-level habeas court found that King's "newly calculated maximum discharge date of February 25, 2025, is a lawful extension of time because it is six years, ten months, and twenty-nine days past his original maximum discharge date, the cumulative total of the time [King] forfeited between his two revocations." (Docket Entry No. 9, Ex. 3 at 45). King has not shown any error in the state court's decision, much less that it was contrary to, or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1).

Even if King had filed his petition in a timely manner, the Court would alternatively deny summary judgment on the merits.

## **CERTIFICATE OF APPEALABILITY**

Under AEDPA, a prisoner cannot seek appellate review from a lower court's judgment without receiving a Certificate of Appealability (COA). *See* 28 U.S.C. § 2253(c). King has not yet requested that this Court grant him a COA, though this Court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). "The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal." *Slack v. McDaniel*, 529 U.S. 473, 482 (2000). A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

The Supreme Court has explained that a district court that has denied habeas relief on procedural grounds should issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *Miller-El*, 537 U.S. at 336-38. Unless the prisoner meets the COA standard, "no appeal would be warranted." *Slack*, 529 U.S. at 484.

Having considered King's arguments, and in light of AEDPA's standards and controlling precedent, this Court determines that a COA should not issue.

## **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

    1. The respondent's motion for summary judgment, (Docket Entry No. 8), is **GRANTED**.

    2.    King's petition for writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

    3.    A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on _____ FEB 1 1 2022 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE